**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY WAYNE KING, ID # 08004221,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1222-M-BH |
| | ) | |
| **DALLAS COUNTY,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been automatically referred for pretrial management.

**I. BACKGROUND**

On or about June 29, 2009, Plaintiff, a prisoner in the Texas prison system, filed this action pursuant to 42 U.S.C. § 1983. (Compl. at 1.) He sues Dallas County failing to provide medical care or treatment after an assault by another inmate on November 10, 2008. (*Id.* at 4; Answers to Questions 1 and 2 of Magistrate Judge's Questionnaire ("MJQ").)[1] He contends that after the assault, he was escorted to the nurses station where he was merely given gauzes to stop the bleeding. (Compl. at 4; Answer to Question 1 of MJQ.) He alleges that a growth has formed on his middle knuckle which will not allow his finger to bend properly. (Compl. at 4.)

Plaintiff seeks an operation for his finger, medical expenses, and $2,500. (*Id.*) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff is a prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578,

---

[1] Answers to questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

579-80 (5th Cir. 1998). Plaintiff's *in forma pauperis* status also makes his complaint subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for an alleged failure to provide medical care or treatment. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff seeks to hold Dallas County liable because he allegedly received no medical treatment following an assault in November 2008. However, to hold a city liable under § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Plaintiff has neither shown an underlying constitutional violation nor alleged any official policy or custom on the part of Dallas County that violated his constitutional rights. Plaintiff has therefore failed to state a plausible claim against Dallas County. A municipality cannot be liable under § 1983 simply because it may employ a

2

tortfeaser. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-92 (1978).

## IV. RECOMMENDATION

Because Plaintiff has failed to state a plausible claim against Dallas County, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 9th day of September, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.